UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEIDRE BROWN, LYNN CAIN, CHERYL
GERALD, DEBRA JONES, DONNA
KELSAY, ANNE M.Z. NOVOTNY and
GLORIA SALAZAR, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

   v.

SACRAMENTO REGIONAL TRANSIT
DISTRICT,

        Defendant.
_____/

NO. CIV. S-98-1719 LKK/JFM

O R D E R

Pending before the court is class counsel's appeal of the Special Master's ruling on award of attorneys' fees. Plaintiffs are class representatives in a class action against Sacramento Regional Transit District alleging gender discrimination in promotions, reclassifications and training. On February 26, 2003, this court issued a consent decree dictating specific procedures for promotions and reclassifications.

1

On October 14, 2005, class counsel requested attorneys' fees in the amount of $15,529.50.  Class counsel maintains that this amount reflected the time she spent working on appeals and motions regarding the reclassification of class member JanNetta Gonzalez.

On November 18, 2005, the Special Master issued an order awarding class counsel $4,350.00 in attorneys' fees for work on these issues.  The Special Master reasoned that class counsel had already billed and "was paid $26,013.00 from July through September 2005 for monitoring the Consent Decree."  Special Master's Order, Nov. 18. 2005, at 4:11-12.  The Special Master also found that the motion to require reclassification filed by class counsel on behalf of Ms. Gonzales was filed prematurely and that issues regarding back pay were raised only in a teleconference.  Id. at 18-25.  For these reasons, the Special Master found "that it was reasonable for class counsel to spend 10.50 hours dealing with the reclassification and back pay issues."  Id. at 5:2-6.

After the order was issued, class counsel requested clarification of the order and on November 23, 2005, the Special Master issued an amended order.  In the amended order, the Special Master corrected a mathematical error in the computation of attorneys' fees (correcting the amount to read $4,567.50), see Special Master's Amended Order, November 23, 2005, at 1:20-25, and reiterated her reasons for denying the full amount of attorneys' fees requested by class counsel. Id.  Class counsel now appeals.

In accordance with ¶ 29.6 of the consent decree, this court shall only disturb a final order of the Special Master if it is

"clearly erroneous or contrary to law."  See Consent Decree at 10:13-14.

In the case at bar, class counsel fails to demonstrate that the Special Master's order was "clearly erroneous."  The Special Master made factual findings and nothing in class counsel's brief suggests that these findings were so clearly erroneous as to justify intervention by this court.  For this reason, class counsel's appeal of the Special Master's ruling is DENIED and the hearing set for February 13, 2006 is VACATED.

IT IS SO ORDERED.

DATED:  February 7, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT